FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

Wendell Johnson                                                    COMPLAINT

(Enter above the full name of the plaintiff in this action)

New Jersey        v.                                              Civil Action No. _____
Department of Corrections Commissioner
_____ (To be supplied by the Clerk of the Court)
Victoria L. Kuhn, ESQ., Administrator David Richards,
Courtline officer T. Cortes, Asst. Superintendent
                                                  Kenya Collins,
N.J. (Enter the full name of the defendant of defendants in this action)
Department of Corrections Medical Department

### INSTRUCTIONS; READ CAREFULLY

1. This complaint must be legibly handwritten or typewritten, signed by the plaintiff and subscribed to under penalty of perjury as being true and correct. All questions must be answered concisely in the proper space on the form. Where more space is needed to answer any question, attach a separate sheet.

2. In accordance with Rule 8 of the Federal Rules of Civil Procedure, the complaint should contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short plain statement of the claim showing that you are entitled to relief, and (3) a demand for judgment for the relief which you seek.

3. You must provide the full name of each defendant or defendants and where they can be found.

4. You must send the original and one copy of the complaint to the Clerk of the District Court. You must also send one additional copy of the complaint for each defendant to the Clerk. Do not send the complaint directly to the defendants.

5. Upon receipt of a fee of $402.00 (a filing fee of $350.00, and an administrative fee of $52.00), your complaint will be filed. You will be responsible for service of a separate summons and copy of the complaint on each defendant. See Rule 4, Federal Rule of Civil Procedure.

6.   If you cannot prepay the $402.00 fee, you may request permission to proceed in forma pauperis in accordance with the procedures set forth in the application to proceed in forma pauperis. See 28 U.S.C. §1915. (If there is more than one plaintiff, each plaintiff must separately request permission to proceed in forma pauperis.)

7.   If you are given permission to proceed in forma pauperis, the $52.00 Administrative Fee will not be assessed. The Clerk will prepare and issue a copy of the summons for each defendant. The copies of summonses and the copies of the complaint which you have submitted will be forwarded by the Clerk to the United States Marshal, who is responsible for service. The Marshal has USM-285 forms you must complete so that the Marshal can locate and serve each defendant. If the forms are sent to you, you must complete them in full and return the forms to the Marshal.

## QUESTIONS TO BE ANSWERED

1a.  Jurisdiction is asserted pursuant to (CHECK ONE)

   √ 42 U.S.C. §1983 (applies to state prisoners)

   ___ Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

   If you want to assert jurisdiction under different or additional statutes, list these below:

   _____

1b.  Indicate whether you are a prisoner or other confined person as follows:

   ___ Pretrial detainee

   ___ Civilly-committed detainee

   ___ Immigration detainee

   √ Convicted and sentenced state prisoner

   ___ Convicted and sentenced federal prisoner

   ___ Other: (please explain) N/A

**FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

2. Previously Dismissed Federal Civil Actions or Appeals

a. Parties to previous lawsuit:

Plaintiff(s): Wendell Johnson

Defendant(s): Donald Trump

b. Court and docket number: U.S. District Court of N.J. / 3:21-CV-13353

c. Grounds for dismissal:  ( ) frivolous   ( ) malicious

(✓) failure to state a claim upon which relief may be granted

d. Approximate date of filing lawsuit: _____

e. Approximate date of disposition: 5-5-2022

If there is more than one civil action or appeal, describe additional civil actions or appeals using this same format on separate sheets.

3. Place of present Confinement? N.S.P. 168 Frontage Rd. Newark, NJ 07114

4. Parties: State of N.J. Department of Correction Commissioner Victoria L. Kuhn, ESQ., Adm. David Richards, countline officer T. Cortes, Asst. Superintendent Kenya Collins

(In item (a) below, place your name in the first blank and place your present address in the second blank. Do the same for additional Plaintiffs, if any.)

a. Name of plaintiff: Wendell Johnson

Address: 168 Frontage Rd. Newark, NJ 07114

Inmate #: 162043C / 1303300

**FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

b. First defendant:

Name: Victoria L. Kuhn, ESQ.

Official position: Commissioner / Attorney

Place of employment: New Jersey Department of Corrections

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?) She gave orders to All state officials under her position to mis-apply the law (Gov. Phillip Murphy - executive order No. 290, 2022) by forcing inmates to take covid-19 testes or punish them by putting the inmate in solitary confinement which is illegal in N.J., and is cruel and unusual punishment and Due-process of law violations and not Mandated Above - see below.

c. Second defendant:

Name: David Richards

Official position: Administrator

Place of employment: Garden State Youth Correctional Facility

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?) This Administrator order his Assistant Kenva Collins to handle the inmate appeal, which agreed to sanction the plaintiff/inmate for the above and stating they considered the plaintiff mental health history for not Amending its illegal decision and is discrimination a violated the Above and A.D.A. 42 U.S.C.S. 12132. The solitary confinement time was unathorized for a on the spot charge

d. If there are more than two defendants, attach a separate sheet. For each defendant specify: (1) name, (2) official position, (3) place of employment, and (4) involvement of the defendant. Down graded According to

N.J.A.C. 10A:4-7.3

4 of 20

**FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

#3   defendant:

Name: T. Cortes

Official position: Court line officer
 N.J. Department of corrections
Place of employment: Garden state Youth correctional facility

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?) This officer refused to get clarification before making a final decision to enforce sanctions on the plaintiff to keep him in solitary confinement for not testing for Covid-19 and its not mandated for the plaintiff. To down grade the offense to a 2 on the spot change does not requires solitary confinement days per N.J.A.C. 10A:4-7.3

#4   defendant:

Name: Kenya Collins

Official position: Assistant superintendent
 N.J. Department of corrections
Place of employment: Garden state Youth correctional facility

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?) This person ruled on appeal to sanction the plaintiff/inmate for a violation of his state and federal constitutional rights as indicated in the above defendants summary and ruled the Plaintiff mental health history was considered to past judgement illegally.

d. If there are more than two defendants, attach a separate sheet. For each defendant ✓ specify: (1) name, (2) official position, (3) place of employment, and (4) involvement of the defendant. The solitary confinement days in detention was not authorized by on the spot sanction N.J.A.C. 10A:4-7.3.

see attached facts    5 of 20
statement of facts

Page   of

Back ↑

**FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

2. Previously Dismissed Federal Civil Actions or Appeals

a. Parties to previous lawsuit:

   Plaintiff(s): _____

   _____

   Defendant(s): _____

   _____

b. Court and docket number: _____

c. Grounds for dismissal: ( ) frivolous   ( ) malicious

   ( ) failure to state a claim upon which relief may be granted

d. Approximate date of filing lawsuit: _____

e. Approximate date of disposition: _____

   If there is more than one civil action or appeal, describe additional civil actions or appeals using this same format on separate sheets.

3. Place of present Confinement? _____

4. Parties

   (In item (a) below, place your name in the first blank and place your present address in the second blank. Do the same for additional Plaintiffs, if any.)

   a. Name of plaintiff: _____

      Address: _____

      Inmate #: _____

Back ↓

**FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

5. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in the Statement of Claims on page 6.

   ✓ Yes  ___ No

a. If your answer is "Yes", briefly describe the steps taken, including how relief was sought, from whom you sought relief, and the results.

I filed a grievance/complaint to Administrator David Richards on 5-14-22 and he Refused to answer which is mandated. Therefore 42 USCS 2000(A)(6)(A) would be applicable to the matter at bar.

b. If your answer is "No", briefly explain why administrative remedies were not exhausted.

N/A

6. Statement of Claims

   (State here as briefly as possible the facts of your case. Describe how each defendant violated your rights, giving dates and places. If you do not specify how each defendant violated your rights and the date(s) and place of the violations, your complaint may be dismissed. Include also the names of other persons who are involved, including dates and places. Do not give any legal arguments or cite and cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach a separate sheet if necessary.)

On 4-28-22 the plaintiff was transported to G.S.Y.C.F. from Mercer County Correction Center. G.S.Y.C.F. officer ordered the plaintiff to submit to a Covid-19 test. This officer Ledesma is not a medical expert. Then this officer supervisor name was covered up and transported the plaintiff to a medical Tier and the plaintiff the only inmate on this Tier in solitary confinement

**FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

for 13 days. The plaintiff was then transported to detention for 8 days before he was sanctioned ordered by the courtline officer T. Cortes. This courtline officer down graded the original charge of 260 enumerated in disciplinary handbook to a sanction that do not mandate detention called a on the spot charge. The plaintiff filed a Appeal to the Administrator David Richards on 5-17-22 stating the fact and law that clearly consist of Gov. Philip Murphy order that covid-19 testing is only Mandated for the D.O.C. employee's only. The Appeal was denied by Mr. Richards Assistant superintendent Kenya Collins denying the appeal and stated the plaintiff mental health was considered in her explanation, which is discrimination. The plaintiff was held in solitary confinement from 4-28-22 thr 5-22-22 which is illegal. It is Equally clear, these officials through Gov. Philip Murphy executive order 290 (2022) it was not mandated the inmates be subjected to covid-19 testing and holding this inmate in detention when the sanction imposed (on the spot charge) (verbal warning) meets the statement of claims listed on page 2 of the IFP-Application. It is clear, the defendants intention was to punish the plaintiff and failed to apply due-process of law instead implied cruel and unusual punishment. See evidence attached, 1 page disciplinary report from ofc. Ledesma, 3 pages of courtline ofc. T. Cortes Adjudication of disciplinary charge opinion, 1 page Appeal from Plaintiff, 1 page disposition of disciplinary Appeal from defendants which is applicable to the case at bar. See, attached statement of facts and history. (Later included)

7. Relief (State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statues.)
The Plaintiff ask the court to award the Plaintiff A summary Judgment in the Amount of 500 Million A compensation and Allow him to go PRO-SE

7 of 20         Page 8 of 20

FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

And Award the Pro-se Plaintiff Attorney fee of the Amount of 250 Million $

8. Do you request a jury or non-jury trial? (Check only one)

(✓) Jury Trial  ( ) Non-Jury Trial

I declare under penalty of perjury that the foregoing is true and correct

Signed this __11__ day of __June__, 20_22_

_Wendell Johnson_

Signature of plaintiff*

(* EACH PLAINTIFF NAMED IN THE COMPLAINT MUST SIGN THE COMPLAINT HERE. ADD ADDITIONAL LINES IF THERE IS MORE THAN ONE PLAINTIFF. REMEMBER, EACH PLAINTIFF MUST SIGN THE COMPLAINT).

## Statement of facts and history

Plaintiff Wendell Johnson

v.

New Jersey Department of Corrections Commissioner Victoria L. Kuhn, ESQ., Administrator David Richards, Courtline officer T. Cortes, Assistant Superintendent Kenya Collins, New Jersey Department of Corrections Medical department

Please accept this letter memorandum in lieu of a more formal brief in support of plaintiff civil suit pending in this case, the defendant's did not comply with the edits set forth below. The Plaintiff in the case at bar would like to articulate for this record and rely chiefly on the below statement of facts and history included and on the defendant's above antecedents state and federal constitutional violations of the plaintiff's rights. In the case at hand, by contrast, let this record reflect, the defendant's violated the plaintiff's 8th Amend, U.S. Const., Art.1, par.12 of the N.J. Const; cruel and unusual punishment and 14th Amend. U.S. Const; Due-process of law

(A-1)

On 4-28-2022, the Plaintiff was transported to Garden State Youth Correctional facility from Mercer County Corrections Center. G.S.Y.C.F. officer Ledesma ordered the plaintiff to submit to a covid-19 test. This officer Ledesma is not a medical professional and not certified. The plaintiff refused and this officer Ledesma called his supervisor which ordered the same order. (mind you neither is a medical expert) which is why, Reily v. York County, 2019 U.S. Dist. Lexis 142914 (M.D. Pa.) and Reily v. York County, USDC (M.D. Pa) case No. 1:18-cv-01803 clearly equally applicable to the case at bar. It is further stated for this record, the officer Ledesma supervisor name was covered up. Both transported the Plaintiff to a medical Tier (named R-1-R-D-wing) in which the plaintiff was the only inmate on this Tier Locked in a (small hot room) with no opened window or no air (cool) which is considered solitary confinement and illegal in New Jersey. see, 18 U.S.C.S. 4001. The Plaintiff was housed in the above conditions for 13 days, as a torture method (unsuccessful). The defendants then transported the Plaintiff

(A-2)

to the other side of this hot building to a unit called, NORTH-3-detention-c-wing. The Plaintiff was housed at this location for 8 days before he was illegally sanctioned by the courtline officer T. Cortes. This is why the Plaintiff stated (illegally sanctioned) The plaintiff is still in solitary confinement at this point and the courtline officer T. Cortes postponement consist of (pending clarification) on 5-12-22, 5-16-22, 5-17-22, The clarification was the plaintiff defense, (A) It is the plaintiff Rights (state and federal constitutional) not to covid-19 test, (B) Gov. Philip D. Murphy Executive order NO. 290 (2022) did not mandate for the inmate population to be covid-19 tested and Roe V. Wade, 410 U.S. 113 (1973) was the Applicable law at that time was overlooked, (C) Neverless, Robles V. New Jersey Department of Corrections, 388 N.J. Super. 516 (2006) entitles a inmate to be able to inspect any evidence

(A-3)

Against him or can be part of his defense. Clearly, the Plaintiff presented a colorable defense that needed clarification and was never allowed not even on appeal. See also, Wolf V. McDonnell, 418 U.S. 539 (1974) which is applicable to the case at bar. Let this record reflect, the courtline officer T. Cortes did not attempt to consider the plaintiff state and federal constitutional rights and therefore down graded the charge to a (on the spot charge) and sanction was a verbal reprimand, According to N.J.A.C. 10A: 4-7.3 sanctions for on the spot charges that is authorized and not 21 days in solitary confinement for this O.T.S.C. The Plaintiff filed a appeal to the Administrator David Richards on 5-17-22 stating the facts and law reiterated above. That appeal was denied by Assistant super intendent Kenya Collins and stated the plaintiff mental health was considered in her explanation (making a wrong decision) which is a violation of the (A.D.A. - 42 U.S.C. ch. 126 §12101). Furthermore to articulate for this record, without any doubt

(A-4)

The 8th Amendment to the U.S. Const; and its counterpart of the N.J. Const; Art. 1, par. 12, prohibit the infliction of cruel and unusual punishments. These commands impose on governments "A duty... to provide humane conditions and take reasonable measures to guarantee the safety of the inmates in their custody. In Re Request to Modify Prison Sentences, 242 N.J. 357 (2020) Quoting Farmer V. Brennan, 511 U.S. 825 (1994). It is equally clear, the defendants intentions was to punish the Plaintiff and violated all the above and listed on the 2nd page of the IFP Application. The defendant's subjected the Plaintiff to harmful conditions and was torturing this mentally ill Plaintiff with no mental health treatment Available. The 3rd Cir. Reaffirmed the legal standards to be applied to such claims in the Covid-19 context in its decision in Hope V. Warden York County Prison, 972 F.3d 310 (3rd Cir. 2020) Explained the touchstone for the

(A-5)

constitutionality of detention is whether conditions of confinement are meant to punish." Id. at 325-27. "Rules of Due-process are not subject to mechanical application in unfamiliar territory" (quoting County of Sacramento v. Lewis, 523 U.S. 833 (1998). This plaintiff already suffers from serious pre-existing medical and mental health conditions and the defendants subjected him to unduly punitive conditions of solitary confinement and has been deliberately indifferent to the plaintiff's medical and mental health needs. See Appeal disposition as evidence, Attached. See, U.S. v. Berrigan, 482 F.2d 171 (3rd cir. 1973) concurring opinion with U.S. v. Grimaud, 220 U.S. 506, give the warden or superintendent of such institution their options to do what they need to do (Management control).

## CONCLUSION

In light of all enumerated points it is requested either the amount requested on p.7 and 8 of 20, have a "conference of counsel" meeting pursuant to Rule 26(F) talk possible settlement.

Truly submitted,
Wendell Johnson
6-11-2022

(A-6)