<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| WENDELL JOHNSON, | : : | |
| Plaintiff, | : : | Civil No. 22-4453 (BRM) (MAH) |
| v. | : : | **OPINION** |
| VICTORIA L. KUHN, ESQ., *et al.*, | : : | |
| Defendants. | : : : | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* plaintiff Wendell Johnson's ("Plaintiff") civil rights amended complaint ("Amended Complaint"), filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 5 and 6.) Previously, this Court dismissed Plaintiff's initial complaint without prejudice for failure to state a claim upon which relief can be granted and provided him leave to file an amended complaint. (ECF Nos. 3 and 4.) Presently before the Court is Plaintiff's proposed Amended Complaint. (ECF Nos. 5 and 6.)

At this time, the Court must review the Amended Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes the Complaint should be **DISMISSED** in its entirety.

**I. BACKGROUND**

On September 15, 2022, after granting Plaintiff's application to proceed *in forma pauperis* (ECF No. 2), the Court screened Plaintiff's initial complaint for dismissal under 28 U.S.C. §

1915(e)(2)(B). (*See* ECF No. 3.) The Court dismissed Plaintiff's claims against all Defendants without prejudice for failure to state claim for relief and provided Plaintiff leave to file an amended complaint that corrected the deficiencies of his original complaint outlined in the Court's September 15, 2022 Opinion. (*See* ECF Nos. 3 and 4.)

On September 27, 2022, and October 4, 2022, Plaintiff filed a proposed amended complaint. (ECF Nos. 5 and 6.) Plaintiff is currently confined at Northern State Prison in Newark, New Jersey. At the time of the incident alleged in the Amended Complaint, Plaintiff was housed at Garden State Youth Correctional Facility. (*See* ECF No. 5-1.) Plaintiff brings this civil rights action, pursuant to 24 U.S.C. § 1983, against the following Defendants: (1) Commissioner Victoria L. Kuhn, Esq., (2) Administrator David Richards, (3) Court Line Officer T. Cortes, (4) Assistant Superintendent Kenva Collins, and (5) New Jersey Department of Corrections Medical Department, Andrew Bruck. (*See id.*)

The allegations in Plaintiff's Amended Complaint are construed as true for the purposes of screening only. The facts alleged in the Amended Complaint are identical to those alleged in Plaintiff's initial complaint, with minor additions. As such, the Court incorporates the summary of Plaintiff's allegations from the Court's September 15, 2022, Opinion. The Court summarized Plaintiff's allegations as follows:

> Plaintiff submits that on April 28, 2022, Plaintiff was transported from Mercer County Correction Center to Garden State Youth Correctional Facility, where he was ordered to submit to COVID-19 testing. ([ECF No. 1] at 7; [ECF No. 5-1 at 7].) The Complaint alleges Defendant Kuhn gave orders forcing inmates to take COVD-19 tests, in violation of Governor Phillip Murphy's executive order, which Plaintiff submits only mandated Department of Corrections employees test for COVID-19. ([ECF No. 1] at 4, 8; [ECF No. 5-1 at 4, 8].) Plaintiff refused the COVID-19 testing and was transferred to the medical tier, where he was held in "solitary confinement" for thirteen-days in a small hot room. ([ECF No. 1] at 7, 12; [ECF No. 5-1 at 7; ECF No. 6 at 2].) Plaintiff submits that since he was the

2

> only inmate on this tier and was in a small hot room with no window, this is considered "solitary confinement." ([ECF No. 1] at 12; [ECF No. 6 at 2].) A disciplinary report was issued, indicating Plaintiff refused a COVID-19 test.[1] (*See* ECF No. 1-2 at 1.)
>
> According to the Complaint, following Plaintiff's thirteen-day hold, he was transported to the "detention" wing for an additional eight days before Defendant Cortes ordered Plaintiff sanctioned. (ECF No. 1 at 8, 13; [ECF No 5-1 at 8; ECF No. 6 at 3].) It is unclear, but Plaintiff appears to claim he continued to be detained as discipline. ([ECF No. 1] at 8; [ECF No. 5-1 at 8].) Plaintiff submits that his disciplinary charge was downgraded to an "on the spot charge," which does not mandate detention. (([ECF No. 1] at 8; [ECF No. 5-1 at 8].)
>
> On May 17, 2022, Plaintiff filed an appeal to Defendant Richards. ((([ECF No. 1] at 8; [ECF No. 5-1 at 8].) Defendant Richards instructed Defendant Collins to handle Plaintiff's appeal. ([ECF No. 1] at 4; [ECF No. 5-1 at 4].) Plaintiff's appeal was denied. (([ECF No. 1] at 8; [ECF No. 5-1 at 8].) Plaintiff alleges that he was held in "solitary confinement" from April 28, 2022, through May 22, 2022. (([ECF No. 1] at 8; [ECF No. 5-1 at 8].)

(ECF No. 3 at 2.) The Amended Complaint submits few new allegations. Plaintiff alleges he was "under the impression he would not be sanctioned illegally or [there would not be an] attempt to murder [] [P]laintiff in the illegal conditions of that prison." (ECF No. 6 at 8.) Plaintiff submits "quarantine is only required [for] [fourteen] days [] max plus [four] hours room confinement for a sanction of on the spot charge." (*Id.*)

Plaintiff seeks monetary damages in the sum of $500,000,000.00.

## II. LEGAL STANDARD

### A. Standard for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions

---

[1] The court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3

in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

>rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### III. DECISION

Plaintiff's proposed Amended Complaint is identical to his initial complaint, except for the very limited additional allegations noted above. Those additions simply reiterate, in a different form, his already analyzed factual allegations and do not change the Court's prior of analysis of the facts alleged. (*See* ECF No. 3.) Therefore, the Court's September 15, 2022, analysis and dismissal without prejudice of Plaintiff's claims is incorporated here by reference. (*See id.*) Plaintiff fails to provide any additional facts that would cure the deficiencies noted in the Court's September 15, 2022 Opinion. Accordingly, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and the Amended Complaint is dismissed without prejudice.

### IV. CONCLUSION

For the reasons stated above and the Court's September 15, 2022 (ECF No. 3), the Amended Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted.[2] Because it is conceivable Plaintiff may be able to supplement his pleading with facts sufficient to

---

[2] Because the Court dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over any potential state law claims Plaintiff's intended to raise. *See* 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction.")

overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file a second amended complaint. An appropriate order follows.

Dated: October 12, 2022

>*/s/ Brian R. Martinotti*
>**HON. BRIAN R. MARTINOTTI**
>**UNITED STATES DISTRICT JUDGE**